UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOANNA NELSON, )<br>    PLAINTIFF )<br>)<br>VS. )<br>)<br>VALENTINE & KEBARTAS, INC., )<br>CAPITAL MANAGEMENT )<br>SERVICES, LP and CHASE BANK )<br>USA, NA, )<br>    DEFENDANTS ) | CIVIL ACTION NO.:<br>4:12-cv-<br><br><br>JURY TRIAL DEMAND |

## COMPLAINT FOR DAMAGES

### INTRODUCTION

1.　　This is a class action for damages against the defendants Valentine & Kebartas, Inc. and Capital Management Services, LP for violations of the Fair Debt Collection Practices Act 15 U.S.C. §§ 1692 et seq. and the Telephone Consumer Protection Act 42 U.S.C. §§ 227 et seq., and against Defendant Chase Bank USA, NA for violations of the Telephone Consumer Protection Act 42 U.S.C. §§ 227 et seq.

2.　　Defendant Valentine & Kebartas, Inc. (hereinafter referred to as "V&K") is a debt collection agency which called plaintiff and others on their cellular telephones using an "automatic telephone dialing system" and a prerecorded or artificial voice, and left messages on her cell phone voice message system which failed to provide meaningful disclosure of V&K's identity and which failed to state that the communication was from a debt collector.

3.　　Defendant Capital Management Services, LP (hereinafter referred to as "CMS") is a debt collection agency which called plaintiff and others on their cellular telephones using an "automatic telephone dialing system" and a prerecorded or artificial voice, and contacted Plaintiff's adult children in an effort to collect on a consumer debt allegedly owed by Plaintiff

which when it was already in possession of valid location information for Plaintiff. Said third party communications included references to Defendant CMS's business name and a Chase account.

4. Defendant Chase Bank USA, NA (hereinafter referred to as "Chase") is a bank, corporation and national association which called plaintiff and others on their cellular telephones using an "automatic telephone dialing system" and a prerecorded or artificial voice.

## SUBJECT MATTER JURISDICTION

5. The Court has federal question subject matter jurisdiction. *Mims v. Arrow Financial Servs.*, LLC, 132 S.Ct. 740 (2012).

6. Venue is proper here because a substantial portion of the events complained of occurred in this District.

## PARTIES AND PERSONAL JURISDICTION

7. Plaintiff Joanna Nelson is a natural person and a citizen of the State of Missouri who resides in the County of St. Louis, State of Missouri. Plaintiff's cell phone number is (314) xxx-1234.

8. Defendant Valentine & Kebartas, Inc. (hereinafter referred to as "V&K") is a corporation organized and existing pursuant to law and is a debt collector operating from an address located at is a Corporation with its principal place of business located at 15 Union Street, Lawrence, MA 01840, and doing business in the State of Missouri. Upon information and belief, V&K has no registered agent in the State of Missouri.

9. Defendant Capital Management Services, LP (hereinafter referred to as "CMS") is a Delaware Limited Partnership doing business in the state of Missouri which is a debt collector. Its registered agent is CT Corporation, 120 South Central Ave., St. Louis, MO 63105

10. Defendant Chase Bank USA, NA is believed to be a Delaware Coporation and a National Association doing business in the State of Missouri. Its registered agent is CT Corporation, 120 South Central Ave., St. Louis, MO 63105.

11. Defendants are subject to the jurisdiction and venue of this Court.

**FACTS PERTAINING TO DEFENDANT VALENTINE & KEBARTAS, INC.**

12. Defendant V&K uses telephone communications in its business.

13. The principle purpose of V&K's business is the collection of debts.

14. In the course of attempting to collect a consumer debt Plaintiff allegedly owed to Defendant Chase, Defendant V&K communicated with plaintiff in a manner which violated the Fair Debt Collection Practices Act.

15. Defendant V&K left voice messages on Plaintiff's cell phone voice message system which did not provide meaningful information regarding its identity.

16. Defendant V&K left voice messages on Plaintiff's cell phone voice message system which did not advise Plaintiff that the call was from a debt collector attempting to collect a debt.

17. In the course of attempting to collect a consumer debt plaintiff allegedly owed to defendant Chase, defendant V&K communicated with plaintiff in a manner which violated the federal Telephone Consumer Protection Act.

18. Defendant V&K used a predictive dialer and/or and auto-dialer to place calls to Plaintiff's cell phone on numerous occasions during the period of time spanning from May 15, 2011 through October 15, 2011.

19. Some of these calls were completely unattended. That is to say that even if Plaintiff had answered the phone, no representative of defendant would have been on the other end to communicate with plaintiff.

20. The rapid-fire calls using the automated equipment were made with the purpose of annoying and harassing plaintiff until she called back and paid the alleged debt.

21. Defendant V&K also used an automatic telephone dialing system or a prerecorded or artificial voice to place telephone calls to plaintiff's cell phone which did not result in a message being left on either voice mail system. Discovery will provide more details regarding these missed calls, which are actionable.

22. Defendant V&K's violations were negligent. Alternatively, defendant's violations were willful. 47 U.S.C. § 312(f).

**FACTS PERTAINING TO DEFENDANT CAPITAL MANAGEMENT SERVICES, LP**

23. Defendant CMS uses telephone communications in its business.

24. The principle purpose of CMS's business is the collection of debts.

25. In the course of attempting to collect a consumer debt Plaintiff allegedly owed to Defendant Chase, Defendant CMS communicated with plaintiff's adult children in a manner which violated the Fair Debt Collection Practices Act.

26. On November 18, 2011, a representative of defendant CMS contacted plaintiff's adult son, Robert K. Nelson, who resides in Vadnais Heights, Minnesota and left voice message indicating that he was attempting to reach plaintiff.

27. On December 8, 2011, a representative of defendant CMS named Melissa contacted plaintiff's adult daughter, Leslie Wagner, who resides in Town & Country, Missouri. During the course of the conversation, Melissa advised Ms. Wagner, the CMS collector advised

Ms. Wagner that she was with defendant CMS and was calling regarding Chase Bank. The collector also advised Ms. Wagner that the reference number for the Chase account was 74428385.

28. At the time the calls were placed with plaintiff's adult children, defendant CMS was already in possession of plaintiff's location information, as evidenced by the fact that CMS had already sent correspondence to plaintiff dated November 4, 2011, and attempted to contact plaintiff on her personal cell phone number.

29. In the course of attempting to collect a consumer debt plaintiff allegedly owed to defendant Chase, defendant CMS communicated with plaintiff in a manner which violated the Telephone Consumer Protection Act.

30. Defendant CMS used a predictive dialer and/or and auto-dialer to place calls to Plaintiff's cell phone on numerous occasions during the period of time spanning from November 1, 2011 through January 15, 2012.

31. Many of these calls appear to have been completely unattended. That is to say that even if Plaintiff had answered the phone, no representative of defendant would have been on the other end to communicate with plaintiff.

32. The rapid-fire calls using the automated equipment had the purpose of annoying and harassing plaintiff until she called back and paid the alleged debt.

33. Defendant CMS also used an automatic telephone dialing system or a prerecorded or artificial voice to place numerous telephone calls to plaintiff's cell phone which did not result in a message being left on either voice mail system. Discovery will provide more details regarding these missed calls, which are actionable.

34. Defendant CMS's violations were negligent. Alternatively, defendant's violations were willful. 47 U.S.C. § 312(f).

## COUNT I CAUSE OF ACTION
## VIOLATIONS OF THE TCPA

35. Plaintiff incorporates by reference as though fully set forth herein all allegations set forth in the previous paragraphs.

36. Defendants V&K and CMS each placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice, as to alleged Chase accounts.

37. The conduct complained of herein was widespread and systematic.

38. Reaching a large number of persons in a small amount of time for the least amount of money is the primary purpose of using auto-dialers with prerecorded messages.

39. Each of the calls that are the subject of this Count were made on behalf of defendant Chase, and Chase is therefore liable for such calls. *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd. 559, 565, also available at 2008 WL 65845, paragraph  10 (Jan. 4, 2008).

40. Plaintiff brings Count I on behalf of a class, which consists of:

All persons with 314 area code telephone numbers who defendant V&S or CMS called on their cell phones to collect an alleged Chase debt using equipment that has the capacity to dial numbers without human intervention and/or a prerecorded or artificial voice, where defendants cannot show  records do not show that the number called was obtained directly from the called party as to the account that was being collected, where any call was made between and including a date one year prior to the filing of this action.

41. Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting any individual member of the class, including plaintiff. Such questions common to the Class include, but are not limited to:

      a.      Whether defendants used automatic telephone dialing systems as that term is defined in the TCPA and applicable FCC regulations and orders;

      b.      Whether obtaining a cellular telephone number through any source other than from the alleged debtor as to the debt that was being collected constitutes "prior express consent" for defendant to call that number using an automatic telephone dialing system or prerecorded or artificial voice; and

      c.      Damages, including whether the violation was willful.

42. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has no interests that might conflict with the interests of the class. Plaintiff is interested in pursuing her claims vigorously, and has retained counsel competent and experienced in class and complex litigation.

43. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

44. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

45. Defendants have acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole.  Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would likely

create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

46. The identity of the class is likely readily identifiable from defendant's records.

47. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class, and against each defendant for:

   a. Damages, including treble damages if the violations are found to be willful;

   b. A declaration that defendants' practices violate the TCPA;

   c. An injunction against defendant prohibiting defendants from violating the TCPA in the future as to the class members; and

   d. Such other or further relief as the Court deems proper.

## COUNT II
## CAUSE OF ACTION-VIOLATIONS OF THE FDCPA BY DEFENDANT VALENTINE & KEBARTAS, INC.

48. Plaintiff incorporates by reference as though fully set forth herein all of the allegations set forth in paragraphs 1 through 47 of this Complaint.

49. Defendant V&K left messages on plaintiff's voice mail system which did not provide meaningful identification that the message was being left by defendant V&K and without clearly stating that messages were being left by a debt collector in an effort to collect a debt.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Statutory Damages;

    b. A declaration that defendant's practices violate the FDCPA;

    c. Such other or further relief as the Court deems proper.

## COUNT III
## CAUSE OF ACTION-VIOLATIONS OF THE FDCPA BY DEFENDANT CMS

50. Plaintiff incorporates by reference as though fully set forth herein all of the allegations set forth in paragraphs 1 through 49 of this Complaint.

51. Defendant CMS improperly contacted third parties in an effort to collect a debt when it called both of plaintiff's adult children about plaintiff's alleged consumer debt. Defendant CMS made these contact when it was already in possession of plaintiff's location information, so it had no legal basis for making these third party contacts. In addition, its collectors provided CMS's name and information and mentioned that the call pertained to a Chase Bank account.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant CMS for:

    a. Statutory Damages;

    b. A declaration that defendant's practices violate the FDCPA;

    c. Such other or further relief as the Court deems proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

/s/ Joanna R. Nelson
**Joanna R. Nelson**

**HEALEY LAW, LLC**

/s/ Robert T. Healey
Robert T. Healey
EDMO # 34138MO
Attorney at Law
640 Cepi Drive, SuiteA
Chesterfield, MO 63005
Email: bob@healeylawllc.com
Telephone: (636) 536-5175
Fax: (636) 590-2882
Co-counsel for Plaintiff

and

**BURKE LAW OFFICES, LLC**

/s/ Alexander H. Burke
Alexander H. Burke
155 N. Michigan Ave.
Suite 9020
Chicago, IL 60601
312-729-5289
Fax: 312-729-5288
Email: aburke@burkelawllc.com
Co-Counsel for Plaintiff