**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOANNA NELSON, | ) | |
|      PLAINTIFF | ) | CIVIL ACTION NO.: |
| | ) | 4:12-cv-340-CEJ |
| VS. | ) | |
| | ) | |
| VALENTINE & KEBARTAS, INC., | ) | JURY TRIAL DEMAND |
| CAPITAL MANAGEMENT | ) | |
| SERVICES, LP and CHASE BANK | ) | |
| USA, NA, | ) | |
|      DEFENDANTS | ) | |

**FIRST AMENDED COMPLAINT FOR DAMAGES**

**INTRODUCTION**

1. This an action for damages against defendants Chase Bank USA, N.A. Valentine & Kebartas, Inc. and Capital Management Services, LP for violations of the Fair Debt Collection Practices Act 15 U.S.C. §§ 1692 et seq. and the Telephone Consumer Protection Act 42 U.S.C. §§ 227 et seq., and against Defendant Chase Bank USA, NA for violations of the Telephone Consumer Protection Act 42 U.S.C. §§ 227 et seq.

2. Each defendant improperly called plaintiff on her cellular telephone using an automatic telephone dialing system and/or an artificial or prerecorded voice, in violation of the TCPA.

3. Defendant Valentine & Kebartas, Inc. left prerecorded or artificial voice messages on plaintiff's cell phone voice message system which failed to provide meaningful disclosure of V&K's identity and which failed to state that the communication was from a debt collector, in violation of the FDCPA.

1

4.      Defendant Capital Management Services, LP contacted Plaintiff's adult children in an effort to collect on a consumer debt allegedly owed by Plaintiff when it was already in possession of valid location information for Plaintiff, in violation of the FDCPA.

## SUBJECT MATTER JURISDICTION

5.      The Court has federal question subject matter jurisdiction. *Mims v. Arrow Financial Servs.*, LLC, 132 S.Ct. 740 (2012).

6.      Venue is proper here because a substantial portion of the events complained of occurred in this District.

## PARTIES AND PERSONAL JURISDICTION

7.      Plaintiff Joanna Nelson is a natural person and a citizen of the State of Missouri who resides in the City of St. Louis, State of Missouri. Plaintiff's cell phone number is (314) xxx-1234.

8.      Defendant Valentine & Kebartas, Inc. (hereinafter referred to as "V&K") is a corporation organized and existing pursuant to law and is a debt collector with its principal place of business located at 15 Union Street, Lawrence, MA 01840, and doing business in the State of Missouri. Upon information and belief, V&K has no registered agent in the State of Missouri.

9.      Defendant Capital Management Services, LP (hereinafter referred to as "CMS") is a Delaware Limited Partnership doing business in the state of Missouri which is a debt collector. Its registered agent is CT Corporation, 120 South Central Ave., St. Louis, MO 63105

10.     Defendant Chase Bank USA, NA is believed to be a Delaware Corporation and  a National Association doing business in the State of Missouri.  Its registered agent is CT Corporation, 120 South Central Ave., St. Louis, MO 63105.

11.     Defendants are subject to the jurisdiction and venue of this Court.

**FACTS PERTAINING TO DEFENDANT VALENTINE & KEBARTAS, INC.**

12.     Defendant V&K uses telephone communications in its business, and the principal purpose of V&K's business is the collection of debts.

13.     In the course of attempting to collect a consumer debt Plaintiff allegedly owed to Defendant Chase, Defendant V&K communicated with plaintiff in a manner which violated the Fair Debt Collection Practices Act.

14.     Defendant V&K left one or more voice messages on Plaintiff's cell phone voice mail system that did not advise Plaintiff that the call was from a debt collector attempting to collect a debt, nor did the messages provide meaningful information identifying Defendant V&K as the entity which had left the message.

15.     In the course of attempting to collect a consumer debt plaintiff allegedly owed to defendant Chase, defendant V&K communicated with plaintiff in a manner which violated the federal Telephone Consumer Protection Act.

16.     Defendant V&K used a predictive dialer and/or and auto-dialer to place calls to Plaintiff's cell phone on numerous occasions during the period of time spanning from approximately May 15, 2011 through November 15, 2011.

17.     Some or all of these calls were unattended. The dialer was set up so that even if Plaintiff had answered the phone, no representative of defendant would have been on the other end to communicate with plaintiff.

18.     The rapid-fire calls using the automated equipment were made with the purpose of annoying and harassing plaintiff until she called back and paid the alleged debt.

19.     Defendant V&K also used an automatic telephone dialing system or a prerecorded or artificial voice to place telephone calls to plaintiff's cell phone which did not result in a message being left on either voice mail system.  Discovery will provide more details regarding these missed calls, which are actionable.

20.     Defendant V&K's violations were negligent.  Alternatively, they were willful.

**FACTS PERTAINING TO DEFENDANT CAPITAL MANAGEMENT SERVICES, LP**

21.     Defendant CMS uses telephone communications in its business, and the principle purpose of CMS's business is the collection of debts.

22.     In the course of attempting to collect a consumer debt Plaintiff allegedly owed to Defendant Chase, Defendant CMS communicated with plaintiff's adult children in a manner which violated the Fair Debt Collection Practices Act.

23.     On November 18, 2011, a representative of defendant CMS contacted plaintiff's adult son, Robert K. Nelson, who resides in Vadnais Heights, Minnesota and left voice message indicating that he was attempting to reach plaintiff.

24.     On December 8, 2011, a representative of defendant CMS named Melissa contacted plaintiff's adult daughter, Leslie Wagner, who resides in Town & Country, Missouri. During the course of the conversation, the CMS collector Melissa advised Ms. Wagner that she

was with defendant CMS and was calling regarding Chase Bank.   The collector also advised Ms. Wagner that the reference number for the Chase account was 74428385.

25.     At the time the calls were placed with plaintiff's adult children, defendant CMS was already in possession of plaintiff's location information.

26.     In the course of attempting to collect a consumer debt plaintiff allegedly owed to defendant Chase, defendant CMS communicated with plaintiff in a manner which violated the Telephone Consumer Protection Act.

27.     Defendant CMS used a predictive dialer and/or and auto-dialer to place calls to Plaintiff's cell phone on one or more occasion during the period of time spanning from approximately November 1, 2011 through January 15, 2012.

28.     Upon information and belief, Defendant CMS also used an automatic telephone dialing system or a prerecorded or artificial voice to place numerous telephone calls to plaintiff's cell phone which did not result in a message being left on Plaintiff's voice mail system.  Discovery will provide more details regarding these missed calls, which are actionable.

29.     Defendant CMS's violations were negligent.  Alternatively, they were willful.

## FACTS PERTAINING TO DEFENDANT CHASE

30.     Defendant Chase uses telephone communications in its business, including telephone communications that are placed through use of automated dialers.

31.     Chase used predictive dialers to call plaintiff's cellular telephone.

32.     In the course of attempting to collect a consumer debt Plaintiff allegedly owed to it, Defendant Chase communicated with plaintiff's adult children in a manner which violated the Telephone Consumer Protection Act.

5

33.    Upon information and belief, based upon plaintiff's estimation, Chase made more than 150 calls to plaintiff's cellular telephone within four years of filing of this complaint.

34.    Upon information and belief, no human being dialed the digits for more than 120 of those calls.

### COUNT I CAUSE OF ACTION
### VIOLATIONS OF THE TCPA

35.    Plaintiff incorporates by reference as though fully set forth herein all allegations set forth in the previous paragraphs.

36.    Defendants Chase, V&K, CMS each placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice, as to alleged Chase accounts.

37.    The conduct complained of herein was widespread and systematic.

38.    Reaching a large number of persons in a small amount of time for the least amount of money is the primary purpose of using auto-dialers with prerecorded messages.

39.    Each of the calls that are the subject of this Count were made by or on behalf of defendant Chase, and Chase is therefore liable for such calls. *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd. 559, 565, also available at 2008 WL 65845, paragraph  10 (Jan. 4, 2008).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class, and against each defendant for:

a. Damages, including treble damages if the violations are found to be willful;

b. A declaration that defendants' practices violate the TCPA;

c. An injunction against defendant prohibiting defendants from violating the TCPA in the future as to the class members; and

d. Such other or further relief as the Court deems proper.

## COUNT II
## CAUSE OF ACTION-VIOLATIONS OF THE FDCPA BY DEFENDANT VALENTINE & KEBARTAS, INC.

40.    Plaintiff incorporates by reference as though fully set forth herein all of the allegations set forth in paragraphs 1 through 39 of this Complaint.

41.    Defendant V&K left messages on plaintiff's voice mail system which did not provide meaningful identification that the message was being left by defendant V&K and without clearly stating that messages were being left by a debt collector in an effort to collect a debt.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a. Statutory Damages;

b. A declaration that defendant's practices violate the FDCPA;

c. Such other or further relief as the Court deems proper.

## COUNT III
## CAUSE OF ACTION-VIOLATIONS OF THE FDCPA BY DEFENDANT CMS

50.    Plaintiff incorporates by reference as though fully set forth herein all of the allegations set forth in paragraphs 1 through 41 of this Complaint.

51.    Defendant CMS improperly contacted third parties in an effort to collect a debt when it called both of plaintiff's adult children about plaintiff's alleged consumer debt. Defendant CMS made these contact when it was already in possession of plaintiff's location

7

information, so it had no legal basis for making these third party contacts.  In addition, its collectors provided CMS's name and information and mentioned that the call pertained to a Chase Bank account.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant CMS for:

a. Statutory Damages;

b. A declaration that defendant's practices violate the FDCPA;

c. Such other or further relief as the Court deems proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

/s/ Joanna R. Nelson
**Joanna R. Nelson**

### HEALEY LAW, LLC

/s/ Robert T. Healey
Robert T. Healey
EDMO # 34138MO
Attorney at Law
640 Cepi Drive, SuiteA
Chesterfield, MO 63005
Email: bob@healeylawllc.com
Telephone: (636) 536-5175
Fax: (636) 590-2882
Co-counsel for Plaintiff

and

**BURKE LAW OFFICES, LLC**

/s/ Alexander H. Burke
Alexander H. Burke
155 N. Michigan Ave.
Suite 9020
Chicago, IL 60601
312-729-5288
Fax: 312-729-5289
Email: aburke@burkelawllc.com
Co-Counsel for Plaintiff